UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KYLE JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No. 21-cv-01849-BLF  (VKD)<br><br>**ORDER RE APRIL 17, 2023 DISCOVERY DISPUTE RE RULE 30(B)(6) DEPOSITION**<br><br>Re: Dkt. No. 96 |

The parties ask the Court to resolve their dispute concerning Topics 1, 4-6, and 10-12 in plaintiff Kyle Johnson's Rule 30(b)(6) notice of deposition to defendant City of San Jose ("City"). Dkt. No. 96. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court orders the City to provide testimony responsive to Topics 1 (as narrowed), 4-6, 10, and 11.

**I.  BACKGROUND**

Mr. Johnson alleges that he was injured when SJPD Officer James Adgar fired a projectile at him during the George Floyd protests in San Jose, California in late May 2020. Dkt. No. 73. On March 16, 2021, he filed this action against the City and Officer Adgar asserting claims for battery and negligence, violations of his First and Fourth Amendments rights, and violation of the Bane Act. *Id.* ¶¶ 68-98.

On December 7, 2021, Mr. Johnson served a Rule 30(b)(6) deposition notice on the City, but he chose not to proceed with the deposition as noticed. *See* Dkt. No. 96 at 1. Fifteen months later, on March 15, 2023, Mr. Johnson served an amended Rule 30(b)(6) deposition notice on the

1  City, with a deposition date of April 3, 2023—one week before the close of fact discovery. *Id.* at
2  2, 4.  The City objected.  *Id.*  On March 24, 2023, Mr. Johnson served a further amended Rule
3  30(b)(6) deposition notice on the City with the same deposition date.  *Id.*, Ex. A.  The City again
4  objected on several grounds, but agreed to produce a representative to testify as to some of the
5  topics in the notice.  *Id.* at 1, 2, 4.  The parties could not resolve their disagreement about the other
6  topics, and the City did not provide any testimony on April 3, 2023.  *Id.* at 2, 4.
7       The parties delayed until after the close of fact discovery before bringing the matter to the
8  Court's attention.  They now dispute whether the City should be required to prepare a
9  representative to testify regarding Topics 1, 4-6, and 10-12.  The City says it will provide
10 testimony on the remaining topics.  *Id.* at 1.

11 **II.    LEGAL STANDARD**

12      Rule 30(b)(6) of the Federal Rules of Civil Procedure requires the party seeking the
13 deposition of a government entity to describe "with reasonable particularity the matters for
14 examination."  Fed. R. Civ. P. 30(b)(6).  The designating party must make a good faith effort to
15 prepare its designees so that they can answer questions fully, completely, and without evasion.  *In*
16 *re JDS Uniphase Corp. Sec. Litig.*, Case No. 02-cv-1486 CW (EDL), 2007 WL 219857, at *1
17 (N.D. Cal. Jan. 29, 2007).  If the designee cannot testify fully and completely on behalf of the
18 entity as to a particular topic based on his or her own personal knowledge, the entity has a duty to
19 prepare the designee using other sources of information reasonably available to it.  *Id.* ("The
20 deponent must prepare the designee to the extent matters are reasonably available, whether from
21 documents, past employees, or other sources.").  As with all discovery, a Rule 30(b)(6) deposition
22 must be directed to non-privileged matter that is relevant to a claim or defense and that is
23 proportional to the needs of case, considering the importance of the issues at stake in the action,
24 the amount in controversy, the parties' relative access to relevant information, the parties'
25 resources, the importance of the discovery in resolving the issues, and whether the burden or
26 expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

27 **III.   DISCUSSION**

28      The Court considers the parties' arguments with respect to each disputed topic.

### A. Topic 1

Topic 1 asks the City to provide testimony about "[t]he compilation, drafting, and preparation of the report identified as GO# SJ 2020-201510267, . . . and the 'Police Department Preliminary After Action Report for the Public Protests, Civil Unrest and Law Enforcement Response from May 29th – June 7th, 2020.'" Dkt. No. 96, Ex. A. However, Mr. Johnson appears to have narrowed this topic for purposes of this dispute, limiting it to "the After Action Report," prepared by City employees after the George Floyd protests in San Jose. *See* Dkt. No. 96 at 2. In addition, Mr. Johnson explains that he wishes to depose a representative "who can speak on behalf of the City *not necessarily as to the contents* of the report but as to [the] *process* in which the report was prepared, including the drafting, revisions, and approval of the report." *Id.* (emphasis added). He says that this information is relevant to his claim that the City's response to the protests was substantially motivated by the protestors' First Amendment activity. *Id.*

The City objects to Topic 1 on two grounds. First, it argues that the topic is not described with reasonable particularity and that preparing a witness to testify about either report (each of which is hundreds of pages long) would be unduly burdensome. *Id.* at 5. Second, it argues that "to the extent [this topic] covers discussions about policy during the drafting of the After Action Report, the communications are protected under the deliberative process privilege." *Id.*

As presently framed by Mr. Johnson, Topic 1 seeks testimony only about the process of preparing the After Action Report. Mr. Johnson does not seek any testimony about the general offense report (GO# SJ 2020-201510267), and he does not seek testimony about the contents of the After Action Report. Thus, this topic would require the City to prepare a witness to testify only about the *process* of "compilation, drafting, and preparation" of that report—not its content. So limited, Topic 1 would not impose an undue burden on the City, nor is it likely to require the City's representative to discuss any matters within the scope of the deliberative process privilege.[1]

### B. Topic 4

Topic 4 asks the City to provide testimony about "[t]raining provided to sworn members of the SJPD on the CITY's use of force policy or practice in effect on May 29, 2020, and May 30,

---

[1] The City may preserve its objections on this ground during the deposition, if necessary.

3

1  2020, including but not limited to the use of force on individuals engaged in EXPRESSIVE

2  ACTIVITIES."[2]  *Id.*, Ex. A.  Mr. Johnson says that the City's training of police officers in the use

3  of force policy in effect at the time of the protests, particularly in the context of expressive

4  activities, is relevant to his *Monell* claims against the City.  Dkt. No. 96 at 3.  The City objects to

5  Topic 4 on the ground that the topic goes beyond training on the types of force or other conduct

6  that allegedly caused his injury—i.e., crowd control training and projectile impact weapons

7  training—which are already covered by other deposition topics.  *Id.* at 5 (citing Topics 2, 3, 8, and

8  9).

9        The Court has reviewed the second amended complaint and Judge Freeman's order

10  denying the City's motion to dismiss Mr. Johnson's *Monell* claims.  Dkt. Nos. 73, 85.  As the

11  order notes, Mr. Johnson's failure to train claim is not limited to training on the use of projectile

12  impact weapons or crowd control tactics, but extends to the use of less lethal weapons generally

13  and how the SJPD handles protests like the George Floyd protests.  *See* Dkt. No. 85 at 13-15.

14  Moreover, evidence regarding the nature, content, and frequency of training (or lack thereof) in

15  use of force more generally may support Mr. Johnson's claim that the City has an unconstitutional

16  custom and practice of using excessive force (of any type) against people protesting racist violence

17  by police officers.  *See id.* at 11-13.  Thus, Topic 4 seeks testimony that is relevant and

18  proportional to the needs of the case.

19      **C.**     **Topics 5 and 6**

20        Topics 5 and 6 ask the City to provide testimony about five specific documents, all of

21  which relate to training on the use of force.  *Id.*, Ex. A.  Mr. Johnson argues that these topics are

22  relevant to his *Monell* claims in the same way that Topic 4 is relevant.  Dkt. No. 96 at 3-4.  The

23  City objects to these topics to the extent these documents concern policies that were not in effect

24  at the time of the protests, and to the extent those policies cover uses of force other than the use of

25  projectile impact weapons.  *Id.* at 6.

---

[2] "Expressive Activities" means "expressive activities involving speech or assembly, such as picketing, leafletting, petitioning, marching, protesting, demonstrating, attending rallies, and other similar expressive activities."  Dkt. No. 96, Ex. A.

4

1    The City's first objection is not well-taken. As described in the second amended
2    complaint, the SJPD's policy on the use of force, including the use of projectile impact weapons,
3    changed in the years leading up to the protests, expanding the circumstances in which force could
4    be used. *See* Dkt. No. 73 ¶ 38(a) (describing October 2018 change to SJPD policy). Evidence
5    about earlier and later versions of the use of force policy may bear on Mr. Johnson's claim that the
6    City was aware of and endorsed an unconstitutional policy or practice and that the policy was well
7    settled and longstanding. *See* Dkt. No. 85 at 11. The Court has already considered and rejected
8    the City's second objection in discussing Topic 4, above. Thus, Topics 5 and 6 are relevant and
9    proportional to the needs of the case.

### D. Topics 10 and 11

Topics 10 and 11 ask the City to provide testimony about any investigations conducted regarding SJPD officers' conduct during the protests, and any disciplinary actions taken against SJPD officers as a result of such conduct, including disciplinary action against Officer Yuen. Dkt. No. 96, Ex. A. Mr. Johnson says that the City received dozens of complaints about officers' conduct on the first day of the protests, and that its failure to investigate these complaints or take disciplinary action against the officers involved is evidence of an unconstitutional custom or policy and the City's deliberate indifference. *Id.* at 3. The City objects that these topics are too broad, and that it would be unduly burdensome for the City to prepare a representative to testify about all such investigations or actions. *Id.* at 6.

It is not clear from the parties' submission how many investigations or disciplinary actions are within the scope of Topics 10 and 11, so the Court cannot assess the City's claim that these topics present an undue burden. However, the subject matter appears to be relevant to Mr. Johnson's *Monell* claims. *See Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011) ("We have long recognized that a custom or practice can be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.") (internal quotations omitted). Thus, on the record presented, the Court finds that Topics 10 and 11 are relevant and proportional to the needs of the case.

### E. Topic 12

Topic 12 asks the City to provide testimony about "[t]he review by any supervisor of the use of force reports compiled during the protests." Dkt. No. 96, Ex. A. Mr. Johnson argues that evidence showing that police officer's use of force reports regarding force used during the protests were not reviewed by a supervisor would support his claim that the City was deliberately indifferent regarding whether its officers were properly trained in the use of force and whether they were complying with SJPD policy. *Id.* at 3. The City objects that preparing testimony addressing this topic is unduly burdensome because it would require the City to gather information about 10 days' worth of reports written by hundreds of officers and reviewed by dozens of sergeants. *Id.* at 6. Mr. Johnson does not respond to the City's argument on this point.

Topic 12 is broader than Topics 10 and 11. The Court agrees with the City that preparing a representative to testify about the full scope of Topic 12 would be unduly burdensome, and that the potential benefits of the proposed discovery are not proportional to the needs of the case.

## IV. CONCLUSION

The City must provide testimony regarding Topics 1 (as narrowed), 4-6, 10, and 11, in addition to the topics on which the parties previously agreed. The deposition will be limited to no more than 7 hours total, regardless of how many representatives testify on the City's behalf. The parties must confer promptly to schedule a date for this deposition that affords the City adequate time to prepare its representative(s). Once they have selected a date for the deposition, the parties shall file a stipulated request and proposed order directed to Judge Freeman seeking a modification to the case schedule to accommodate this deposition after the close of fact discovery.

**IT IS SO ORDERED.**

Dated: May 25, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge