UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KYLE JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF SAN JOSE, et al.,<br><br>        Defendants. | Case No. 21-cv-01849-BLF   (VKD)<br><br>**ORDER RE JULY 13, 2023 DISCOVERY DISPUTE RE REQUEST FOR ADDITIONAL RULE 30(B)(6) DEPOSITION TIME**<br><br>Re: Dkt. No. 104 |

The parties ask the Court to resolve their dispute regarding plaintiff Kyle Johnson's request for additional time to take a Rule 30(b)(6) deposition of defendant City of San Jose ("City"). Dkt. No. 104. This dispute follows an earlier dispute concerning the same Rule 30(b)(6) deposition that the parties ask the Court to resolve after the close of fact discovery. *See* Dkt. No. 96. In resolving that dispute, the Court ordered as follows:

> The City must provide testimony regarding Topics 1 (as narrowed), 4-6, 10, and 11, in addition to the topics on which the parties previously agreed. The deposition will be limited to no more than 7 hours total, regardless of how many representatives testify on the City's behalf. The parties must confer promptly to schedule a date for this deposition that affords the City adequate time to prepare its representative(s). Once they have selected a date for the deposition, the parties shall file a stipulated request and proposed order directed to Judge Freeman seeking a modification to the case schedule to accommodate this deposition after the close of fact discovery.

Dkt. No. 99 at 6. Thereafter, the City designated four representatives to testify to the permitted portions of 11 topics: Captain Jason Dwyer, Lieutenant Lee Tassio, Sergeant Christopher Sciba, and Lieutenant Macedonia Zuniga. Dkt. No. 104 at 2, 3, 4-5. Mr. Johnson deposed Captain

1  Dwyer first for approximately 5 hours. *Id.* at 4. Next, he deposed Lieutenant Tassio for about 1.5
2  hours. *Id.* Finally, he deposed Sergeant Sciba and Lieutenant Zuniga for less than an hour each.
3  *Id.* at 5. The parties did not seek Judge Freeman's permission to conduct the Rule 30(b)(6)
4  deposition of the City after the close of fact discovery, as the Court ordered.
5      Mr. Johnson now says that the seven-hour time limit "proved to be unworkable and
6  prejudicial." *Id.* at 1. He says he is presumptively entitled to take a seven-hour deposition of each
7  representative, and that in any event, he requires an additional four hours of deposition time
8  because the City's representatives were unprepared and were improperly instructed not to answer
9  certain questions. *Id.* at 1-3. The City responds by observing that Mr. Johnson's counsel
10 mistakenly believed that the Court's prior order permitted a seven-hour deposition of *each*
11 designee, and so he used his time to examine the first witness, Captain Dwyer, about many matters
12 that were outside the scope of the topics for which that witness was designated, effectively
13 squandering the limited time available for the Rule 30(b)(6) deposition of the City. *Id.* at 4, 6-7.
14 In addition, the City disputes that its witnesses were unprepared to answer questions or that
15 counsel's instructions not to answer certain questions were improper. *Id.* 5-7.
16     At the Court's request, Mr. Johnson provided electronic copies of the deposition transcripts
17 for witnesses Dwyer, Tassio, Sciba, and Zuniga. Dkt. No. 105. The Court has reviewed the
18 transcripts for each deponent. The transcripts do not reflect that any witness was not adequately
19 prepared to answer questions within the scope of the topics for which the witness was designated.
20 Mr. Johnson is correct that ordinarily counsel may not instruct a witness not to answer a question
21 on the ground that the question falls outside the scope of a topic for which the witness is
22 designated, but this argument is not particularly compelling here. The Court's prior order
23 authorized a Rule 30(b)(6) deposition of the City after the close of fact discovery that was limited
24 to specific topics. The seven-hour limit was intended, in part, to ensure that the focus of the
25 questioning would be limited to the authorized topics. *See, e.g., Enplas Display Device Corp. v.*
26 *Seoul Semiconductor Co*., No. 13-CV-05038 NC, 2014 WL 12770238, at *2, *3 (N.D. Cal. June 9,
27 2014) (limiting number and duration of depositions, including Rule 30(b)(6) depositions). Mr.
28 Johnson was not entitled to ask any questions that might otherwise be within the scope of the

2

witnesses' knowledge.

The transcript of Captain Dwyer's examination reveals that Mr. Johnson's counsel treated the deposition as an opportunity to generally examine the witness about any matters within the scope of his knowledge in addition to the specific topics for which he was designated. Despite the City's many objections that questions were "outside the scope" of examination, Mr. Johnson did not limit his questioning to the specific topics. Mr. Johnson's examinations of the other three witnesses reflect a more focused effort, but by the time he conducted those examinations, he had already used up most of the allotted time. In these circumstances, the Court is not sympathetic to Mr. Johnson's argument that the seven-hour limit was too constrained and that he has been prejudiced as a result. Rather, Mr. Johnson's counsel appears to have misread the Court's prior order and proceeded to examine the City's first representative without regard to whether the questions fell within the specific topics for which the witness was designated. That is why Mr. Johnson ran out of time; not because the seven-hour limit was "unworkable."

Mr. Johnson separately argues that he should be permitted to examine Captain Dwyer again because the City's counsel instructed the witness not to answer on multiple occasions, on the ground that the question called for "expert opinion." Dkt. No. 104 at 3. The discovery dispute letter does not identify the specific questions that Mr. Johnson believes were the subject of an improper instruction, although the parties describe their subject matter at a high level. *See id.* at 3, 6. While such instructions may or may not be improper, Mr. Johnson simply has not shown that he was prevented from obtaining testimony about a factual matter within the scope of the topics for which the City designated Captain Dwyer.

For these reasons, the Court denies Mr. Johnson's request for an additional four hours to take the Rule 30(b)(6) deposition of the City. Because the Court has reviewed and relied on the deposition transcripts of the City's representatives in resolving this dispute, the Court orders Mr. Johnson to file the transcripts on the docket so that they are part of the record. Any portions of the transcript that the City has designated as confidential under the protective order shall be redacted unless the parties agree otherwise.

//

**IT IS SO ORDERED.**

Dated: July 19, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

4